UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHEILA M-G.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:21-cv-05002-BAT

**ORDER REVERSING AND REMANDING FOR AWARD OF BENEFITS**

The Commissioner has found Plaintiff not disabled three previous times and the Court has reversed each final decision. Petitioner now appeals the Commissioner's fourth decision dated November 2, 2020, finding she is not disabled from the onset date of August 5, 2011 to January 6, 2016. Plaintiff contends the ALJ again erroneously rejected her testimony about her symptoms, and the Court should remand the case for an award of benefits. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for immediate calculation of an award of benefits under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff applied for benefits in 2011. The Commissioner has issued three prior decisions finding Plaintiff not disabled. Plaintiff appealed the first decision issued in 2013 arguing the ALJ erroneously found fibromyalgia not severe and improperly rejected her testimony. The Court

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 1

reversed and remanded for further proceedings. *See Sheila M-G. v. Colvin*, 3:14-cv-05599-RBL. Plaintiff appealed the second decision issued 2016, in which the ALJ found Plaintiff disabled as of January 6, 2016 but not before that time. Plaintiff appealed arguing the ALJ erroneously rejected her testimony and the Court reversed and remanded. *See Sheila M-G., v. Berryhill,* 3:16-cv-5763. Plaintiff appealed the third decision issued in 2018, arguing the ALJ erroneously found fibromyalgia is not a severe impairment and improperly rejected her testimony. The Court ordered remand with direction that fibromyalgia is a severe impairment, and the ALJ may not discount Plaintiff's testimony based upon her activities of daily living. *See Sheila G. v. Commissioner of Social Security*, 3:18-cv-5769.

Plaintiff now appeals the fourth decision issued in 2020 arguing the ALJ erroneously rejected her testimony and the Court should remand for an award of benefits. In response, the Commissioner argues the Court should affirm because the ALJ considered all of Plaintiff's complaints, and "this time, the ALJ did not rely on the objective medical evidence to discount M-G.'s pain complaints, but instead, discounted M-G.'s statements because the degree of physical limitations allegedly caused by her symptoms was inconsistent with the medical evidence. Dkt. 12 at 2.

The Commissioner's argument suggesting the ALJ's 2020 decision is different "this time" is not supported by the record. The 2020 decision rejects Plaintiff's testimony based upon grounds relied upon in prior decisions. The 2020 decision rejects Plaintiff's testimony as inconsistent with the longitudinal record, medical evidence, and physical examinations. Tr. 1108-1110. The ALJ also suggested Plaintiff's fibromyalgia was not "chronically severe," Tr. 1109, and her testimony was not credible because she could drive a car, Tr. 1110, contrary to the District Court's order directing the ALJ to find fibromyalgia is a severe impairment and not

consider activities of daily living to discount Plaintiff's testimony.

The 2020 decision's findings mirror the 2018 decision in which the ALJ found "the claimant's testimony was out of proportion with the longitudinal evidence of record," Tr. 1159, Plaintiff had normal treatment notes, *id.,* and unremarkable physical examinations and showed symptom improvement, Tr. 1160, Similarly, the 2016 decision rejected Plaintiff's testimony as inconsistent with her daily activities, Tr. 912, her medical records, Tr. 912-914, examination findings, and also questioned the Fibromyalgia diagnosis. Tr. 913. Because the 2020 decision again rejects the entirety of Plaintiff's testimony based upon grounds relied upon in prior decisions which did the same, and because the Court has already found the ALJ erred in each prior decision, the Court concludes the ALJ once again harmfully erred in discounting Plaintiff's testimony about the severity of her symptoms.

The Court has three times previously found the Commissioner harmfully erred and three times remanded the case for further administrative proceedings. The Court finds it appropriate to now remand the case for an award of benefits. The record regarding Plaintiff's testimony for the time period at issue, between 2011 and 2016, is fully developed and as the Commissioner has addressed it four times already further administrative proceedings would serve no useful purpose. The ALJ has failed to provide legally sufficient reasons to reject Plaintiff's numerous times. If Plaintiff's testimony were credited as true, the ALJ would be required to find the claimant disabled during the time period at issue: 2011 to 2016. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Additionally, the Court considers the 10 years that have elapsed since Plaintiff first applied for benefits and the harm she has suffered from the lengthy delay, including the harm from remanding for additional proceedings. *See Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988) (stating, in a case where the claimant had

waited over five years since applying for benefits, that "Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional."). In short, this is the rare case in which the Court concludes an immediate award of benefits is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) **for calculation of an immediate award of benefits for the closed period at issue in this case, August 5, 2011 to January 6, 2016**.

DATED this 2nd day of June 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 4